## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAIMEYAHN STEVENSON**                     **CIVIL ACTION**

**VERSUS**                                  **NO.  15-4776**

**N. BURL CAIN, WARDEN L.S.P.**             **SECTION "B"(2)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Daimeyahn Stevenson, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On September 7, 2001, Stevenson was charged by bill of information in Jefferson Parish as a felon in possession of a weapon and with one

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 4.

count of attempted armed robbery and one count of armed robbery.[3]   The felon in

possession charge was nolle prossed on December 7, 2001.[4]   The Louisiana Fifth Circuit

Court of Appeal summarized the facts determined at trial as follows:

> At approximately 4:50 a.m. on August 23, 2001, Ashley Bulot (Bulot) and Donna Kay Billiot (Billiot) were working at Terrytown Café when the Defendant entered wearing a baseball cap.  He pulled a gun, pointed the barrel of the gun at Bulot and demanded the "metal box."  The metal box is a fire-safe box that is bolted under the counter and contains poker money and poker tickets.   On the morning of the robbery, the box contained approximately $6,000 in cash and poker tickets.  Bulot, in shock, turned and ran out the back door of the café.
>
> The Defendant then came to Billiot's side of the counter and demanded the box.  He tried to pick up the box but it was bolted to the counter.  The Defendant demanded that Billiot open the box with her key.  He took the money and tickets and stuffed them into his pockets.  While the Defendant was crouched down behind the counter taking the contents of the box, Sergeant Brian Boudreaux on duty with the Jefferson Parish Sheriff's Office, entered the café.  Billiot attempted to alert Sgt. Boudreaux to the situation but to no avail.  The Defendant then stood up and pointed his gun at Sgt. Boudreaux, telling him not to move or he would kill him.  Sgt. Boudreaux put his hands up and stepped away from the door to give the Defendant a clear path to leave.  The Defendant jumped over the counter and ran out of the café.   Sgt. Boudreaux ran after the Defendant with his weapon drawn.
>
> Thereafter, Sgt. Boudreaux radioed headquarters.  Approximately nine police units responded to the area and set up a perimeter around the block, sealing it off.  A K-9 unit arrived at the scene and tracked the Defendant to a locked backyard shed.  When the Defendant ignored several warnings to come out, the dog was sent in.  The Defendant was apprehended and suffered several dog bites.  Money and poker tickets were found on the floor of the shed.

---

[3]St. Rec. Vol. 2 of 5, Bill of Information, 9/7/01.

[4]Id., handwritten notation.  Count one was also amended on November 14, 2001, to correct the statutory designation of the attempted armed robbery.

State v. Stevenson, 839 So.2d 340, 342 (La. App. 5th Cir. 2003); State Record Volume

1 of 5, Louisiana Fifth Circuit Court of Appeal Opinion, 02-KA-769, pages 2-3, January

28, 2003.

Stevenson was tried before a jury on November 14 and 15, 2001, and found guilty

of as charged of attempted armed robbery and armed robbery.[5]  The state trial court

sentenced Stevenson on December 7, 2001, to concurrent sentences of forty-seven (47)

years in prison for attempted armed robbery and eighty-five (85) years in prison for

armed robbery.[6]  Stevenson was later adjudicated by the court to be a fourth felony

offender and resentenced him on the armed robbery count to serve life in prison without

benefit of parole, probation or suspension of sentence.[7]

On direct appeal to the Louisiana Fifth Circuit, Stevenson's appointed counsel

asserted that the state trial court imposed an excessive sentence and requested that the

court conduct a review for errors patent on the record.[8]  Stevenson was granted leave to

---

[5]St. Rec. Vol. 1 of 5, Trial Minutes (2 pages), 11/14/01; Trial Minutes (3 pages), 11/15/01; Jury Verdict; 11/15/01; St. Rec. Vol. 2 of 5, Trial Transcript, 11/14/01; Trial Transcript, 11/15/01; St. Rec. Vol. 3 of 5, Trial Transcript (continued), 11/15/01; Trial Transcript, Part 2, 11/15/01.

[6]St. Rec. Vol. 1 of 5, Sentencing Minutes, 12/7/01; St. Rec. Vol. 3 of 4, Sentencing Transcript, 12/7/01.

[7]St. Rec. Vol. 1 of 5, Hearing Minutes, 4/12/02; Sentencing Minutes, 5/31/02; Amended Sentencing Minutes, 2/13/03; Trial Court Judgment, 5/31/02; St. Rec. Vol. 3 of 5, Multiple Bill Hearing Transcript, 4/12/02; Multiple Bill Sentencing Transcript, 5/31/02.  The record contains three versions of the multiple bill dated 1/9/02, 4/30/02 and 5/20/02.

[8]St. Rec. Vol. 3 of 5, Appeal Brief, 2002-KA-0769, 8/19/02.

file a pro se supplemental brief but failed to do so.[9]  The Louisiana Fifth Circuit affirmed the convictions and sentences on January 28, 2003, finding no merit in the claim.[10]  The court remanded the matter for the state trial court to correct clerical errors in the commitment order.  The state trial court complied on February 13, 2003.[11]

The Louisiana Supreme Court denied Stevenson's related writ application without stated reasons on October 31, 2003.[12]  His conviction became final ninety (90) days later on January 29, 2004, when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filling for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

About one year later, on January 28, 2005, Stevenson signed and submitted an application for post-conviction relief in which he asserted no substantive claims and instead sought only an extension of time to file an application for post-conviction relief.[13] The state trial court denied the application without prejudice on February 4, 2005,

---

[9]St. Rec. Vol. 3 of 5, 5th Cir. Order, 02-KA-0769, 9/9/02.

[10]Stevenson, 839 So.2d at 340; St. Rec. Vol. 1 of 5, 5th Cir. Opinion, 02-KA-769, 1/28/03.

[11]St. Rec. Vol. 1 of 5, Amended Sentencing Minutes, 2/13/03.

[12]State v. Stevenson, 857 So.2d 472 (La. 2003); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2003-KO-0833, 10/31/03; La. S. Ct. Writ Application, 03-KO-0833, 3/24/03 (dated 2/23/03).

[13]St. Rec. Vol. 1 of 5, Application for Post-Conviction Relief, 2/2/05 (dated 1/28/05).

4

because Stevenson still had additional time until October 31, 2005, to file a timely application.[14]  Stevenson did not seek review of that ruling.

On December 1, 2005, Stevenson filed an application for post-conviction relief in which he alleged that he was denied effective assistance of counsel on direct appeal when his attorney failed to file a proper Anders brief or otherwise assert viable appeal issues.[15] The state trial court denied relief on the application on December 9, 2005, finding the claim to be without merit under Strickland v. Washington, 466 U.S. 668 (1984).[16] Stevenson did not seek review of this ruling.

More than eight years later, on May 1, 2014, Stevenson signed and submitted an application for post-conviction relief asserting that he was denied effective assistance of trial counsel and his untimely pursuit of that claim should be forgiven under Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012).  The state trial court denied the application on June 13, 2014, as untimely under La. Code Crim. P. art. 930.8 and successive under La. Code Crim. P. art. 930.4.[17]

The Louisiana Fifth Circuit denied Stevenson's related writ application on July 15, 2014, finding no error in the state trial court's ruling under La. Code Crim. P. arts. 930.8

---

[14]St. Rec. Vol. 1 of 5, Trial Court Order, 2/4/05.

[15]St. Rec. Vol. 1 of 5, Application for Post-Conviction Relief, 12/1/05.

[16]St. Rec. Vol. 1 of 5, Trial Court Order, 12/9/05.

[17]St. Rec. Vol. 1 of 5, Trial Court Order, 6/13/14.

and 930.4. The court also held that the <u>Martinez</u> was inapplicable to Stevenson's application, noting that he was not prohibited from asserting his ineffective assistance of trial counsel claim on direct appeal or in a timely post-conviction application.[18]

The Louisiana Supreme Court denied Stevenson's related writ application on July 31, 2015, citing La. Code Crim. P. art. 930.8 and <u>State ex rel. Glover v. State</u>, 660 So.2d 1189 (La. 1995).[19]

## II.   FEDERAL HABEAS PETITION

On October 15, 2015, after correction of certain deficiencies, the clerk of this court filed Stevenson's federal habeas corpus petition in which he asserts the following grounds for relief:[20] (1) Trial counsel failed to perform adequate pretrial discovery and investigation. (2) Trial counsel was ineffective for failing to ensure that petitioner's timely filed pretrial motions were heard and ruled on by the state trial court. (3) Trial counsel rendered ineffective assistance when he allowed the judge to enter the jury room alone to give unrecorded instructions in the petitioner's absence. (4) Cumulative errors of trial counsel resulted in denial of due process and a fair trial.

---

[18]St. Rec. Vol. 4 of 5, 5th Cir. Order, 14-KH-513, 7/25/14; 5th Cir. Writ Application, 14-KH-513, 7/15/14.

[19]<u>State ex rel. Stevenson v. State</u>, 174 So.3d 1146 (La. 2015); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2014-KH-1753, 7/31/15; La. S. Ct. Writ Application, 14-KH-1753, 8/18/14; St. Rec. Vol. 1 of 5, La. S. Ct. Letter, 2014-KH-1753, 8/18/14.

[20]Rec. Doc. No. 4.

The State filed a response in opposition to Stevenson's petition, asserting that the federal petition was not timely filed and the claims are in procedural default.[21]

## III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[22] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).   The AEDPA therefore applies to Stevenson's petition, which, for reasons discussed below, is deemed filed in federal court on September 24, 2015.[23]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state

---

[21]Rec. Doc. No. 11.

[22]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The official stamp from the prison's Legal Programs Department reflects that Stevenson delivered the petition and accompanying documents to prison officials on September 24, 2015, the same day the documents were emailed to the clerk of court for filing. Rec. Doc. No. 4-1, p. 1; see also, Rec. Doc. No. 1-1, p. 1.

court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson,
127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has argued that Stevenson's federal petition was not timely filed and his
claims are in procedural default.  While both defenses are supported by the record,
Stevenson's petition must be dismissed with prejudice because it is not timely filed.

IV.  STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases
within one year of the date his conviction became final.[24]  Duncan, 533 U.S. at 179-80.
Stevenson's conviction became final on January 24, 2004, which was ninety (90) days
after the Louisiana Supreme Court completed review of his conviction after direct appeal.
Applying Section 2244 literally, Stevenson had one year from finality of his conviction,

---

[24]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

or until Monday, January 24, 2005,[25] to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Stevenson has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case.  The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances"

---

[25]The one year ended on Sunday, January 23, 2005, leaving the last day of the period to fall to the next business day, Monday, January 24, 2005.  Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

described in binding precedent.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).  Stevenson's delay

10

was caused by his own lack of diligence and failure to maintain contact with the state courts, which do not warrant equitable tolling.

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

11

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

petition.  <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Stevenson's case, the one-year AEDPA statute of limitations period began to run on January 30, 2004, the day after his conviction became final under federal law. The one-year period continued to run without interruption for 364 days until January 28, 2005, when Stevenson's submitted his first application for post-conviction relief to the state trial court.  The application tolled the running of the AEDPA one-year filing period

while it remained pending through November 30, 2005,[26] when Stevenson did not seek review of the state trial court's denial of the application.[27]

Stevenson filed a second application for post-conviction relief the next day, December 1, 2005, which continued to interrupt the AEDPA one-year filing period. This application remained pending through Monday, January 9, 2006,[28] when Stevenson did not seek review of the state trial court's denial of the application.[29]

The last day of the AEDPA one-year statute of limitations period lapsed the next day, January 10, 2006. The period expired that day because Stevenson had <u>no</u> properly filed state court application for post-conviction relief or other collateral review pending in any state court.

---

[26]This court had recognized an eighty-six (86) day suspension period from September 1 through November 25, 2005, during which Hurricane Katrina impacted the running of limitations periods. <u>See</u> <u>Hooker v. Cooper</u>, No. 10-1624, 2011 WL 335606, at *1 (E.D. La. Jan. 31, 2011) (Lemmon, J.) (citing <u>Mark v. Michael</u>, No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sep. 23, 2008) (Engelhardt, J.) (Order adopting Report and Recommendation)); <u>Bartley v. La. Dep't of Corr.</u>, No. 06-2441, 2009 WL 2872932, at *3 (E.D. La. Sep. 2, 2009) (Feldman, J.) (Order adopting Report and Recommendation). Because Stevenson benefitted from the pendency of his state application for post-conviction relief during that period and several days beyond it, he is not entitled to any additional suspension or tolling benefit due to Hurricane Katrina.

[27]Under La. App. R. 4-3, Stevenson had thirty days from the state trial court's October 31, 2005, ruling to seek review in the Louisiana Fifth Circuit. He did not, however, seek review of that ruling.

[28]The one year ended on Sunday, January 8, 2006, leaving the last day of the period to fall to the next business day, Monday, January 9, 2006. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

[29]Under La. App. R. 4-3, Stevenson had thirty days from the state trial court's December 9, 2005, ruling to seek review in the Louisiana Fifth Circuit. He did not, however, seek review of that ruling.

The record reflects that, in addition to the time period calculated above, Stevenson also allowed another period of about eight years, three-thousand eighty-six (3,086) days, to pass uninterrupted before his federal petition was filed. Specifically, after the AEDPA one-year statute of limitations expired on January 10, 2006, Stevenson allowed more than eight (8) years, three-thousand thirty-two (3,032) days, to pass before he submitted another state court application for post-conviction relief on May 1, 2014. The Louisiana Supreme Court denied relief on review of that application on July 31, 2015. Stevenson filed this federal petition fifty-four (54) days later. Thus, Stevenson allowed well more than one full year from finality of his conviction to pass before filing his federal petition.

Stevenson's federal petition is deemed filed on September 24, 2015, which was more than nine years and eight months after the AEDPA's one-year statute of limitations expired on January 10, 2006. It is therefore not timely filed. Stevenson's federal petition must be dismissed with prejudice for that reason.

V.    MARTINEZ PROVIDES NO RELIEF

Stevenson asserts that the Supreme Court's Martinez, decision excuses his untimely claims and entitles him to review of the merits of his arguments by the state and federal courts. However, the Supreme Court's decision in Martinez is not relevant to the timeliness of this federal petition.

In Martinez, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective

15

assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" Trevino v. Thaler, __ U.S. __, 133 S. Ct. 1911, 1912 (2013) (quoting Martinez, 132 S. Ct. at 1320). The Martinez and Trevino decisions do not address or provide an excuse for untimely filing of a federal habeas petition. See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); Smith v. Rogers, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); Falls v. Cain, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).   Martinez and Trevino also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. See In re Paredes, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either Martinez or Trevino retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither Martinez nor Trevino provide equitable or statutory relief from petitioner's untimely filing under the AEDPA. His petition must be dismissed as untimely filed.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Stevenson's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[30]

New Orleans, Louisiana, this _____15th_____ day of April, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[30]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

17