**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DAIMEYAHN STEVENSON**                                     **CIVIL ACTION**

**VERSUS**                                                  **NO. 15-4776**

**N. BURL CAIN, ET AL.**                                    **SECTION "B" (2)**


<u>**ORDER AND REASONS**</u>

Before the Court are the Petitioner's Habeas Corpus Petition under 28 U.S.C. § 2254, and Petitioner's Motion for Stay and Abeyance. (Rec. Docs. 4, 16). In his Report and Recommendation Magistrate Judge Wilkinson recommends that the petition for habeas corpus be dismissed with prejudice due to its untimeliness. (Rec. Doc. 14). The Petitioner filed objections to the Magistrate Judge's Report and Recommendations, claiming an exceptional circumstance under 28 U.S.C § 2254 (d)(1). (Rec. Doc. 15). After objecting to the Magistrate Judges Report and Recommendation, Petitioner filed a motion seeking a stay of this matter to allow exhaustion of state remedies. (Rec. Doc. 16). The Respondent filed an opposition to that motion as well. Rec. Doc. 17.

For the reasons stated below, **IT IS ORDERED** that the Motion for Stay be **DENIED.**

**IT IS FURTHER ORDERED** that the Court adopts the Magistrate Judge's Report and Recommendation, and **DISMISSES WITH PREJUDICE** Petitioner's habeas claims.

1

I.    **FACTS AND PROCEDURAL HISTORY**

According to the Louisiana Fifth Circuit of Appeal, *State v. Stevenson*, 02-769 (La. App. 5 cir. 1/28/03); 839 So. 2d 342, on August 23, 2001, Ashley Bulot and Donna Kay Billiot were working at Terrytown Café when the Defendant entered wearing a baseball cap. (Rec. Doc.14 at 2).  He pulled a gun and demanded a box containing approximately $6,000 worth of poker tickets and cash. *Id*. While the Defendant was stuffing his pockets with the merchandise, Sgt. Boudreaux entered the café.  *Id*. When the Defendant noticed Sgt. Boudreaux, he pointed his gun at him and told him not to move or he would kill him. *Id*. Sgt. Boudreaux obliged, but once the Defendant exited the café, he ran after the Defendant and radioed headquarters. *Id*.

Police units responded to the area and set up a perimeter around the block, sealing it off. *Id*.  Officers eventually tracked the Defendant to a locked backyard shed and apprehended him. *Id*. The money and poker tickets taken during the robbery were found on the floor of the shed. *Id*.

Stevenson was found guilty of armed robbery on November 15, 2001. (Rec. Doc.14 at 3). Upon finding him to be a fourth felony offender, a life without parole sentence was pronounced. That sentence became final on January 29, 2004, after Stevenson failed to file a writ application with the United States Supreme Court. *Id. at 4.*

2

On December 1, 2005, Stevenson filed an application for post-conviction relief in which he alleged that he was denied effective assistance of counsel. *Id.* at 5. On December 9, 2015, the state trial court denied relief and deemed his claims meritless. *Id.* Stevenson did not seek review of that ruling. *Id.*

Over eight years later, on May 1, 2014, Stevenson signed and submitted another application for post-conviction relief. He claimed that untimely filing should be ignored due to the ineffectiveness of trial counsel, based on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *Id.*   The state trial court denied that application on June 13, 2014. *Id.* at 5. Likewise, the Louisiana Supreme court ultimately denied Stevenson's related writ application on July 31, 2015. *Id. at 6.*

On October 15, 2015, after correction of certain deficiencies, the clerk of court filed Stevenson's federal habeas corpus petition. *Id.* The petition was deemed to be filed on September 24, 2015. (Rec. Doc.4). On April 15, 2016, Judge Wilkinson issued a Report and Recommendation, which found that Stevenson's habeas petition should be dismissed for untimeliness. (Rec. Doc.14 at 17). In response on May 2, 2016, Petitioner filed objections, claiming an exception to the statute of limitations under *Martinez*. (Rec. Doc.15 at 1).

In addition, on May 17, 2016, Petitioner filed a motion for stay and abeyance of the habeas corpus petition to allow exhaustion

of state remedies due to newly discovered evidence. (Rec. Doc.16 at 1).

## II.   CONTENTIONS OF THE PARTIES

Petitioner contends that the court should stay his habeas petition in light of newly discovered evidence that indicates his shoe print does not match the shoe prints found at the crime scene. (Rec. Doc. 17). He argues that the court should permit him to exhaust his state court remedies before resolving his habeas petition.

Respondent contends that the motion for stay should be dismissed because Stevenson's allegedly unexhausted claims lack merit. *Id*. Respondent contends that the evidence relied on by Stevenson is in fact inculpatory and, at best, inconclusive. *Id*. at 3. Thus, they claim that good cause for a stay does not exist because Petitioner's claims of newly discovered exculpatory evidence lack merit. *Id*. Petitioner also contends in his reply that the newly discovered evidence is meritorious because the crime lab report says that the shoe prints are "similar." Rec. Doc. 18. He claims that the word similar means that the two shoe prints had qualities in common and not that they matched, which could potentially exculpate him by casting reasonable doubt as to whether the shoe print belonged to him or not. Rec. Doc. 18 at 2.

Stevenson's habeas petition further alleges that his trial counsel failed to perform adequate pretrial discovery, did not

ensure that pretrial motions were timely filed and heard by the state trial court, and rendered ineffective assistance by allowing the judge to give unrecorded jury instructions. Petitioner claims that these cumulative errors resulted in denial of due process and a fair trial. (Rec. Doc. 4).

Respondent claims that the habeas corpus petition should be dismissed, regardless of the above contentions, because it was untimely filed and is outside of the statute of limitations. (Rec. Doc. 14). Petitioner asserts that his untimeliness is excused under 28 U.S.C § 2254(d)(1), which allows equitable tolling of the statute of limitation in extraordinary cases. (Rec. Doc. 15). The petitioner claims that in accordance with the case law of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), his situation is an extraordinary circumstance that allows equitable tolling of the statute of limitation. *Id.*

## III. LAW AND ANALYSIS

### A. MOTION FOR STAY AND ABEYANCE

In order for a motion for stay and abeyance to be granted the petitioner 1) must have good cause for his failure to exhaust his unexhausted claims, 2) must have unexhausted claims that are potentially meritorious, and 3) must not have engaged in intentionally dilatory litigation tactics. *Haynes v. Quarterman*, 526 F.3d 189, 196 (5th Cir. 2008). All three elements must be present. *Id.*

Accordingly, in adherence to the second element, the Petitioner's claim must have merit. In the case at hand, the shoe print evidence is not exculpatory. The Jefferson Parish Sheriff's Office Crime Lab found the two shoe prints in question to be similar. (Rec. Doc. 17-1). This evidence could be viewed in one of two ways. First, it could be deemed directly inculpatory since it proves that it is highly probable that the shoe print found at the crime scene belongs to the Defendant, particularly in light of the other evidence that linked him to the robbery. Secondly, in the best case scenario for the Defendant, the evidence could be deemed inconclusive because it does not show one way or the other whether the shoe print found at the crime scene belonged to the Defendant. In light of strong inculpatory evidence of being spotted by an officer while robbing the cafe and being found shortly thereafter with the stolen items, construing the shoe print evidence as inconclusive would not be sufficient to exculpate the Defendant or inject reasonable doubt as to his guilt. Therefore, regardless of how the "new" evidence is viewed, the claim is not shown to be potentially meritorious. Accordingly, element two is not met and the motion for stay and abeyance is denied.

**B.   Habeas Corpus Petition**

    **i.   Untimeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) revised 28 U.S.C § 2254 and other habeas corpus

legislation. It states that the petitioner must have exhausted state court remedies and must not be in "procedural default" in order to proceed. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C § 2254(b)-(c)). Further, in most cases, AEDPA requires a petitioner to bring their section 2254 petition within one year of the date that the conviction became final. *Duncan v. Walker*, 533 U.S. 167, 179 (2001).

Stevenson's conviction became final on January 24, 2004. He did not file for habeas corpus relief until September 24, 2015, which is well beyond the one year statute of limitations. Accordingly, Stevenson's petition is untimely on its face. Nevertheless, certain exceptions to the limitations period exist.

### ii. Exceptions to untimeliness

Under 28 U.S.C § 2254(d)(1), a petitioner's untimely filing may be excused if the petitioner has thoroughly pursued his rights and extraordinary reasons exist which caused untimely filing. *Pace v. Diguglielmo*, 544 U.S 408, 418 (2005).

The petitioner claims an exceptional circumstance under 28 U.S.C § 2254(d)(1), asserting that he was impeded in his ability to timely file his habeas corpus petition by the state's appellate procedure because he was not permitted to raise his ineffective assistance of counsel claim on direct appeal. (Rec. Doc. 15). The petitioner asserts that case law from *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012),

proves that ineffective assistance is an exceptional cause that tolls the time bar on filing a habeas corpus petition.

In *Martinez,* the Court states that a federal habeas court can hear a claim of ineffective assistance of trial counsel that procedurally defaulted at the state level, if the petitioner had no counsel or ineffective counsel during the state collateral proceeding. *Martinez*, 132 S. Ct. 1309, 1320. After *Martinez*, *Trevino* extended that holding to situations in which the state procedural framework makes it highly unlikely that the defendant will be able to raise the ineffective assistance of counsel claim on direct appeal, in state court. *Trevino*, 133 S. Ct. 1911, 1921.

Both cases create extremely narrow exceptions that allow review of substantial claims of ineffective counsel in a habeas corpus petition despite being in procedural default at the state level. In essence, both cases solely address a federal courts ability to hear cases that are in default in accordance to state law. They make no mention of untimely filing at the federal level and they do not create a new rule of constitutional law to trigger a new AEDPA one year statute of limitations. *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Accordingly, they are inapplicable and cannot be used to allow tolling of the statute of limitations.

Even if they were applicable and triggered a new one year statute of limitations period, the petitioner would still lose

because it has been over one year since those cases were decided. The *Martinez* and *Trevino* cases were decided in 2012 and 2013, respectively. By not filing his federal action until 2015 Petitioner is still in violation of the one year statute of limitation under the AEDPA. Therefore, there appears to be no reason to excuse the untimeliness of Stevenson's petition, for failure to show extraordinary circumstances or tolling grounds. Accordingly, Stevenson's Habeas Corpus petition is dismissed.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Stay is **DENIED**.

**IT IS FURTHER ORDERED** that the Court adopts the Magistrate Judge's Report and Recommendation, and **DISMISSES WITH PREJUDICE** the instant action as time barred.

New Orleans, Louisiana, this 21st day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE