UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAIMEYAHN STEVENSON**                                **CIVIL ACTION**

**VERSUS**                                             **NO. 15-4776**

**N. BURL CAIN, ET AL.**                               **SECTION "B"(2)**

## ORDER AND REASONS

Petitioner filed a "Motion for Relief from Judgment Pursuant to FRCP 60(b)(6)," seeking reconsideration of the dismissal of his habeas petition in June 2016. Rec. Doc. 30. For the reasons discussed below,

**IT IS ORDERED** that the motion is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Daimeyahn Stevenson was convicted of armed robbery in a Louisiana state court in November 2001. *See* Rec. Doc. 14 at 3. For purposes of Petitioner's federal habeas petition, his conviction became final on January 29, 2004. *See id.* at 4. Petitioner filed the underlying federal habeas petition on September 24, 2015. *See id.* at 7. In June 2016, Petitioner's habeas petition was dismissed with prejudice as untimely, for being filed more than one year after Petitioner's state conviction became final. *See* Rec. Doc. 19 at 1, 6-7 (referring to 28 U.S.C. § 2244(d)).

1

**LAW AND ANALYSIS**

A Rule 60(b)(6) motion is sometimes construed as a second or successive habeas corpus application, but not when the motion "alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)." S*ee Gonzalez v. Crosby*, 545 U.S. 524, 530-36 (2005). Therefore, when a "petitioner's Rule 60(b) motion challenges only [a] [d]istrict [c]ourt's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition[,]" and a district court may consider the motion without certification from the Fifth Circuit Court of Appeals. *See id.* at 535-36. Petitioner's habeas corpus application was dismissed as untimely per 28 U.S.C. § 2244(d), *see* Rec. Doc. 19, and so Petitioner's Rule 60(b)(6) motion to disturb that dismissal is properly before the court. *See id.*

Rule 60(b)(6) allows a district court to "relieve a party . . . from a final judgment . . . for . . . any . . . reason that justifies relief." "Rule 60(b) vests wide discretion in courts, but . . . relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez*, 545 U.S. at 535). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors" "includ[ing], in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Id.* at 778.

Regardless of the fact that extraordinary circumstances are not present here,[1] which is an independent basis for denying the instant motion, Petitioner's motion does not present a valid basis for vacating the dismissal of his habeas application.

The Court previously concluded that Petitioner's habeas petition was untimely because it was filed more than one year after his state conviction became final, even taking into account his state collateral proceedings. *See* Rec. Doc. 19 at 1, 6-7. After the Court denied the petition, the Fifth Circuit held that "Louisiana prisoners can benefit from the *Martinez/Trevino* exception to the procedural-default rule if they can show that they have a substantial [ineffective assistance of trial counsel (IATC)] claim and received [ineffective assistance of counsel] from state habeas counsel."[2] *Coleman v. Goodwin*, 833 F.3d 537,

---

[1] "[T]he *Coleman v. Goodwin* decision upon which Petitioner relies, a circuit court decision that simply recognized that the *Martinez/Trevino* analysis is applicable to habeas corpus applications filed in Louisiana (because the Louisiana procedural scheme is sufficiently similar to that in Texas), does not constitute an extraordinary circumstance that would support Rule 60(b) relief." *Morris v. Cain*, No. 06-0289, 2018 WL 1468587, at *3 (M.D. La. Mar. 26, 2018). *See also Broadway v. Warden La. State Penitentiary*, No. 97-0940, 2016 WL 9236456, at *3-4 (W.D. La. Nov. 7, 2016) (same).
[2] The *Martinez/Trevino* exception excuses procedural default of claims asserted in a federal habeas petition when the petitioner was convicted "in [a] state[] 'where . . . [the state's] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of [IATC] on direct appeal . . . .'" *Coleman*, 833 F.3d at 540 (quoting *Trevino v. Thaler*, 569 U.S. 413, 432 (2013)).

3

543-44 (5th Cir. 2016). But *Coleman* does not address a situation in which the federal habeas petition itself is untimely because it was filed more than one year after the state conviction became final. Petitioner's habeas petition was dismissed "due to its untimeliness," Rec. Doc. 19 at 1, therefore the rule announced in *Coleman* does not support reconsideration of the denial of Petitioner's habeas petition. *See* Fed. R. Civ. P. 60(b)(6).

New Orleans, Louisiana, this 7th day of September, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

4